IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cr-40007-SMY |
| | ) |
| TYREN C.T. GORDON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Defendant Tyren C.T. Gordon was sentenced on January 27, 2022 to 262 months' imprisonment for conspiracy to distribute methamphetamine (Count 1), distribution of methamphetamine (Counts 2-6), and possession with intent to distribute methamphetamine (Count 7) (Docs. 50, 53). Pursuant to SDIL Administrative Order 362, Assistant Federal Public Defender Daniel Cronin entered his appearance on Gordon's behalf to determine his eligibility for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 58). AFPD Cronin now moves to withdraw, asserting that Gordon is ineligible for a sentence reduction under Amendment 821 (Doc. 59). Gordon has not responded to the motion.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified

aggravating factors. Amendment 821 is retroactive. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Gordon's total offense level at sentencing was 37 and his criminal history category was III. His Guideline sentencing range was 262 months to 327 months. Under Amendment 821, Gordon's criminal history category and Guideline sentencing range remain unchanged. Thus, he is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 59) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: March 14, 2024**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**